HEARD APRIL TERM, 1873.

## LEVY *vs.* WILLIAMS.

A decree in which infants were interested, made upon the pleadings, and unsupported by any state of facts established by proofs, set aside.

Where it is attempted to sustain a Circuit decree, as made by consent, the consent must appear on the record.

BEFORE GRAHAM, J., AT CHARLESTON, JULY TERM, 1872.

Jacob Barrett, the testator in the cause, died on the 13th day of November, 1871, leaving a last will and testament, dated the 21st day of September, 1870, and codicil, dated the 10th day of January, 1871. He left a considerable estate, real and personal, which he devised and bequeathed to his widow, children and grand-children, all of whom survived him. The executors nominated by the will, who qualified and acted, were George W. Williams, H. H. DeLeon and C. T. Lowndes.

The action was brought by the children of the testator, all of whom were adults, against the executors and the widow, and also against the grand-children, who were all minors, and its object was to obtain a settlement of the estate according to a certain construction of the will and codicil, which was suggested in the complaint.

The executors answered and stated, amongst other things, that they had not felt warranted in giving to the will and codicil the construction placed thereon by the plaintiff, as set forth in the complaint, and they submitted both the construction of the will and codicil, and their rights and duties as executors, to the judgment of the Court.

The widow, by her answer, admitted the construction put upon the will and codicil by the plaintiffs, and consented to the relief prayed for. Formal answers, on behalf of the infant defendants, were put in by their guardians ad litem.

The complaint and answers were all verified, but no proofs were taken either under an order of reference or by the Circuit Judge.

The following is the decree of the Circuit Court:

GRAHAM, J. On hearing the pleadings read and argument in this case, and it appearing that all the parties now living who are interested under the will of the said Jacob Barrett are properly represented before the Court, and that all who are really intended to be beneficially interested thereunder by the said will and the codicil thereof are willing and anxious that the construction of the said will and codicil prayed for in the complaint may prevail, and it being apparent to the Court that such a construction would be consistent with the real intention of the testator, viz. : To provide for the support of his widow and his children and grand-children during the life of his said widow and of his children from the income of his estate, while leaving the absolute property eventually to go to his grand-children, after the death of each child ; these grand-children, however, not taking per capita, but as representing the share of each of their respective parents, as he or she may die, with cross remainders over in case of the death of any one of the children without children. No harm, it seems to this Court, could ensue from allowing the construction contended for by the complaint to prevail, and no person, either now living or hereafter to be born, could be prejudiced or injured thereby ; but, on the contrary, the confusion and uncertainties from the words of the will and codicil, which now prevail to such an extent as to render the true construction of said will and codicil doubtful, would be avoided, and complete and absolute justice to all the parties be accomplished, while the real will and intentions of the testator would

still remain, so far as it can be ascertained, with certainty and without confusion.

It is, therefore, ordered that the said executors do first proceed to carry out the will and codicil so far as the legacies to the congregation of Hasel street and to the Hebrew Orphan Society, and also so far as the same concerns the provisions made for the widow, Mrs. Hetty J. Barrett.

And it is further ordered that G. Lamb Buist, Esq., counsellor at law, be appointed a Referee for the purpose of ascertaining, from testimony or otherwise, the cash value of the different pieces of real estate left to each of the children, so as to equalize the share of each, and that upon such value being found, the said Referee report to this Court such values, in order to effect an equalization, and that upon such report being made and confirmed, each party shall enjoy the real estate left to him or her by said will under the terms thereof, and the executors shall hold the balance of said estate in trust, to pay over to each of the parties so much of the income of the same as has accrued and shall hereafter accrue as the same arises, as will equalize, according to the report of the said Referee, all the parties, and shall continue to pay such portions of the income to such parties for their natural lives, and after the death of any one or more of them, the portion to which he or she may be entitled to, be paid to the child or children of the said party so dying.

And, whereas, it has been represented to the Court that a question may arise between Laura, the wife of Charles F. Levy, and the other children of Jacob Barrett, as to the disposition to be made of the share which would have been disposed of if Isaac Barrett had survived his father, and as all parties are desirous to test the questions without encumbering this decree with the same,

It is further ordered that the executors, in dividing among the children, divide the property into eight instead of seven parts, and that they retain the eighth part and the income arising from the same, subject to the further order of this Court.

And it is further ordered that after the expiration of ten years from the death of the said testator, a full, fair, and equal partition of the balance of the estate held by the trustees shall be made between the parties interested according to the terms of the said will, which partition shall be made in such manner as will insure a fair and just partition of the same, and for the purpose of making such partition, either party shall have leave to apply to this Court at the

foot of this decree for a writ of partition or for a sale, or for such other and proper and necessary order as may to the Court appear requisite to effect such partition, and, also, that in the meantime any party to these proceedings shall have leave to apply to this Court under this decree for any further or other order which may be necessary and proper to carry out any or all the provisions of this decree, and for the protection and preservation of the estate.

And it is further ordered that the executors do pay the costs of these proceedings, and a reasonable counsel fee, to be reported by the Referee to each of the solicitors engaged in the cause.

The executors of the will appealed from the decree, on the following grounds :

First. That according to the will and codicil of the testator, the rest and residue of his estate, including the income thereof, is to be invested and kept by his executor for the space of ten years after his decease, the period fixed for the final division of his estate.

Second. That according to the will and codicil of the testator, the property specifically devised is to be taken at the valuation fixed by the testator.

*Simons & Seigling,* for appellants, submitted their views as to the construction of the will and codicil.

*Cohen,* with whom was *Campbell, Porter & Connor* and *Duryea,* contra, contended that the decree was by consent and no appeal lies.—Dan. Ch. Pr., 990, 1179, 1602. The decree depends upon facts heard by or admitted before the Circuit Judge, who stands in the place of a jury, and entire responsibility devolves on him.— *Alexander* vs. *Maxwell,* Rich. Eq. Cas., 302. None but an aggrieved party can appeal.—Code of Procedure, § 351. The decree protects the executors, and they consequently are not aggrieved.—Red. on Wills, Part I, 492–3 ; Perry on Trusts, § 928 ; *Tucker* vs. *Horeman,* 4 DeG., M. & G., 395 ; *Reeves* vs. *Tucker,* 5 Rich. Eq., 143 ; *Perronneau* vs. *Perronneau,* 1 DeS., 520.

Sept. 6, 1873. The opinion of the Court was delivered by

WILLARD, A. J. It will not be necessary to look into the complicated provisions of the will of J. Barrett at the present time. The exact situation of the estate, and the circumstances affecting

the various parties, particularly the infants entitled under the will, are not brought before us, so that the bearing of the various provisions of the will, upon their interests, can be determined.

The decree of the Circuit Court materially modifies the dispositions made by the testator. If such modifications could, under any circumstances, be made, it would be in view of a full disclosure of the situation of the estate, and of circumstances tending to render the intentions of the testator inoperative upon the construction primarily due to the language and expressions of the will. We intend to express no opinion as to the merits of the question raised upon the construction of the will, for the reason that the cause is not mature and in readiness for such a decision.

It is evident, as appearing by the statements of the decree, and the representations of counsel, that the Circuit Judge was largely influenced in pronouncing the decree, by the supposition that all the parties before the Court were desirous that the decree should be entered in the form in which it appears before us. Whatever may be the fact in this respect, and whatever force the Circuit Court would be justified in ascribing to the consent of the adult parties, and the representatives of the infants, the decree cannot be held by us as made upon consent of all parties bound by it, for the record before us shows no such binding consent. For all that appears on the record, the appellants are at liberty to dispute the provisions of the decree.

The decree not being sustainable, as a consent decree, will have to be vacated as unsupported by any state of facts, established by proofs, justifying a departure from the primary force of the language of the will.

The decree must be set aside, and the cause remanded for further proceedings.

*Moses*, C. J., and *Wright*, A. J., concurred.